LOOK *v.* EAST CHINA TOWNSHIP CLERK.

1. Elections—Registration—Residence—Evidence.
  Plaintiff, an attorney, who presented sworn testimony that definitely prevented him from claiming a voting residence in Detroit, the site of his law office, and who had offered testimony establishing his right to register and vote in township wherein was located a trailer which he occupied *held,* entitled to writ of mandamus compelling defendant township clerk to reinstate plaintiff's name upon the registration records of the township (Const 1908, art 3, § 1, as amended in 1954; CLS 1956, § 168.11).

2. Costs—Public Question—Reinstatement of Registration.
  No costs are allowed in mandamus proceeding to compel defendant township clerk to reinstate plaintiff's name upon registration records, a public question being involved (Const 1908, art 3, § 1, as amended in 1954; CLS 1956, § 168.11).

  Appeal from St. Clair; Streeter (Halford I.), J. Submitted November 19, 1962. (Docket No. 71, Calendar No. 49,667.) Decided December 31, 1962.

References for Points in Headnotes
[1] 18 Am Jur, Elections § 98.
[2] 35 Am Jur, Mandamus § 393.

Mandamus by Victor H. Look against Dorothea Sills, clerk of East China township, to compel reinstatement of his name on registration records. Writ denied. Plaintiff appeals. Reversed and remanded for grant of writ.

*Wilbur V. Hamm,* for plaintiff.

KELLY, J.    June 19, 1961, appellant filed his petition for writ of mandamus, stating: That he is a natural born citizen of the United States, over the age of 21 years, and is a licensed attorney and counselor at law in the State of Michigan; that on May 26, 1961, he had resided continuously in the State of Michigan for more than 6 months and had resided continuously for more than 30 days in the township of East China, in the county of St. Clair; that he was an elector and entitled to vote as prescribed by the Constitution of the State of Michigan*; that defendant, township clerk Dorothea Sills, maliciously and with a desire to deprive him of his elective franchise, removed his name from the registration records, claiming that he had registered illegally.

Defendant prayed that a writ of mandamus issue commanding said township clerk to reinstate his name upon the registration records in East China township.

. A hearing was held in the circuit court for the county of St. Clair on July 5, 1961, and only 2 witnesses testified, namely, plaintiff and plaintiff's wit-

---

* "In all elections every inhabitant of this State being a citizen of the United States; and every inhabitant of Indian descent, a native of the United States, shall be an elector and entitled to vote; but no one shall be an elector and entitled to vote at any election, unless he or she shall be above the age of 21 years and has resided in this State 6 months, and in the city or township in which he or she offers to vote 30 days next preceding such election." Const 1908, art 3, § 1, as amended in 1954 (PA 1955, p 751).

ness, Mrs. Stier. Mrs. Stier corroborated plaintiff's testimony by stating that in June, 1958, she accompanied plaintiff when he went to the township clerk's office where he made application to register, and that she heard the township clerk tell "him that he could not register and as far as she was concerned and as long as she was there he couldn't register from then on."

Plaintiff's exhibits were introduced and received, namely, a driver's license, certificate of conducting a real-estate business under an assumed name, a State Bar of Michigan registration, and application for renewal of real-estate broker's license, all of which indicated appellant's residence was 4243 South River road, East China township.

Defendant was represented by counsel at the hearing in the circuit court and was present at the hearing, but did not testify, nor did the defendant offer any testimony.

At the conclusion of the hearing, the trial court denied plaintiff's petition, stating he would "follow the statute* and determine in accordance with the wording of the statute that the petitioner has a voting residence in the city of Detroit."

The court based his conclusion upon the following finding of fact:

"The court determines as a matter of fact that as far as intent and desire is concerned the petitioner wishes to be a resident of East China township and considers that as his home.  *  *  *

---

* "The term 'residence', as used in this act, for registration and voting purposes shall be construed to mean that place at which a person habitually sleeps, keeps his or her personal effects and has a regular place of lodging. Should a person have more than 1 residence, or should a wife have a residence separate from that of the husband, that place at which such person resides the greater part of the time shall be his or her official residence for the purpose of this act." CLS 1956, § 168.11 (Stat Ann 1956 Rev § 6.1011).

"The court determines from the testimony as a matter of fact that the petitioner here spends more hours in his Detroit house than he does in the trailer. The trailer is not connected by water in the winter-time.    The Detroit house is the same building in which the petitioner has his law office."

Plaintiff testified: "I do not have 2 residences. I have 1 legal residence, East China township," and in regard to his Detroit property, located at 22325 Grand River avenue, he stated that he has been at this address since 1953; that he has offices downstairs and living quarters upstairs; that he does "not have a legal residence in Detroit"; that there are 7 rooms and that he has "an office there and I have another lawyer there and have a real-estate broker there, so those rooms are used as offices"; that "there are 3 bedrooms, 2 rooms used as bedrooms, and 1 library and a bathroom and a couple of small rooms. It is an old-fashioned house built about 50 years ago. These rooms— I don't know what you would call them; just room for a couple of chairs in these small rooms"; there are cooking facilities in the kitchen downstairs and when he is in Detroit his wife is usually with him, and "sometimes she cooks and sometimes she does not."

Plaintiff testified he lives in East China township a major part of the time and that he is away from his wife very much of the time as she is employed in Detroit; that his trailer is about 30 feet long with "all sanitation and plumbing facilities required for proper living; sewers, toilets, water, cooking stove, electricity, anything that any home requires for living"; that he has "had a legal residence in the housetrailer for several years"; that he did not con-sider himself either a "winter" or a "summer" resi-dent, but a "legal" resident; that in the winter he maintains electrical and telephone service at his

trailer but he shuts off the water as his brother-in-law has water and lives 2 doors away; that he occasionally stays in the trailer in the winter and "the greater part of the time I live there, spread over the entire year"; that he swore "under oath before the township clerk that I was a resident of East China township for at least 30 days prior to the date of registration"; that he does "not have 2 residences"; that he has "1 legal residence, East China township" and "I do not have a legal residence in Detroit"; that "my legal residence, I say, is in East China township" and such residence has been "in the housetrailer for several years."

Appellant unequivocally stated under oath that he had only 1 residence and that was in East China township. Defendant offered no proof to the contrary. Defendant in this appeal does not favor this Court with a brief, and, therefore, we do not have the benefit of her argument.

At the conclusion of proofs in the St. Clair circuit court appellant had offered sworn testimony that definitely prevented him from claiming a voting residence in Detroit and had offered testimony that established his right to register and vote in East China township.

The case is remanded to the circuit court to grant plaintiff's prayer in his petition for writ of mandamus, namely that plaintiff's name be reinstated upon the registration records in East China township. No costs, a public question being involved.

CARR, C. J., and DETHMERS, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred with KELLY, J.

KAVANAGH, J., concurred in result.

BLACK, J., did not sit.